UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **POSH SAUDI CO. LTD.**<br>　　*Plaintiff*, | **CASE NUMBER:** |
| **VERSUS** | **JUDGE:** |
| **DYNAMIC INDUSTRIES, INC.**<br>　　*Defendant*. | **MAGISTRATE JUDGE:** |

# COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes POSH Saudi Co. Ltd. ("**Plaintiff**" or "**POSH Saudi**"), which brings this action against Dynamic Industries, Inc. ("**Defendant**" or "**Dynamic**"), and respectfully represents as follows:

## PARTIES

**1.**

POSH Saudi is a foreign corporation headquartered in Dammam, Saudi Arabia.

**2.**

Dynamic is a Louisiana corporation with its principal place of business in New Orleans, Louisiana, within the Parish of Orleans.

## JURISDICTION AND VENUE

**3.**

This Court has subject matter jurisdiction over this action on the basis of diversity pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

**4.**

This Court has personal jurisdiction over the Defendant because Defendant is a Louisiana corporation with its principal place of business in Louisiana, and Defendant breached its contract within Louisiana, giving rise to harm in Louisiana.

**5.**

This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391, because Defendant is a citizen of this district.

**FACTUAL ALLEGATIONS**

**6.**

Pursuant to a timecharterparty on an amended SUPPLYTIME 2005 form dated October 1, 2018 (the "**Charterparty**"), POSH Saudi chartered an offshore supply vessel to Dynamic Industries Saudi Arabia Ltd. ("**Dynamic Saudi**"). Pursuant to subsequent addenda to the Charterparty, the duration of the charter extended to January 18, 2020.

**7.**

Dynamic Saudi is a subsidiary of Defendant, Dynamic.

**8.**

On or about October 1, 2018, Donald W. Sinitiere, as a duly authorized representative of Dynamic, signed a Parent Company Guarantee (the "**Guarantee**") in favor of POSH Saudi. Under the Guarantee, Dynamic, in its capacity as parent company of Dynamic Saudi, guaranteed Dynamic Saudi's performance under the Charterparty.  *See* **Exhibit A**.

**9.**

After the charter ended, Dynamic Saudi still owed POSH Saudi a sum of THREE MILLION NINE HUNDRED AND NINETY EIGHT THOUSAND, ONE HUNDRED AND

SIXTY-SEVEN UNITED STATES DOLLARS AND EIGHTY CENTS (US$3,998,167.80) under the Charterparty.

**10.**

On May 4, 2020, POSH Saudi commenced arbitration against Dynamic Saudi before the London Maritime Arbitrators Association ("LMAA") pursuant to the Charterparty's dispute resolution provision to recover the outstanding amounts owed.

**11.**

On September 2, 2020, the LMAA Tribunal issued a Final Arbitration Award in favor of POSH Saudi, for the total sum claimed plus interest (at the contractual rate of 2% per month from the due date of each invoice) and costs. *See* **Exhibit B**.

**12.**

The Final Arbitration Award, which refers to POSH Saudi as "Owners" and Dynamic Saudi as "Charterers," provides as follows:

(A) **WE FIND AND HOLD** that the Owners' claim in the sum of US$3,998,167.80 succeeds in full.

(B) **WE THEREFORE AWARD AND ADJUDGE** that the Charterers shall forthwith pay to the Owners the said sum of US$3,998,167.80 (Three Million Nine Hundred and Ninety Eight Thousand, One Hundred and Sixty-Seven United States Dollars and eighty cents) **PLUS** interest at the contractual rate of 2% per month from the due date of each of the invoices set out in paragraph 4 of our Reasons until the date of payment.

(C) **WE FURTHER AWARD AND ADJUDGE:**

(i) that the Charterers shall bear their own costs and pay the Owners' costs of the reference (and the Owners' said costs may, if not agreed, be determined by us or in the High Court in London in the Owners' option on the basis set out in s.63(5) of the Arbitration Act), for which purpose **WE HEREBY RESERVE JURISDICTION** to make a subsequent Award of Costs;

  (ii) that the Charterers shall further bear and pay the costs of this our Final Arbitration Award (inclusive of our fees and interlocutory charges in relation hereto) in the sum of £16,800, **PROVIDED ALWAYS** that if, in the first instance, the Owners shall have paid any amount in respect of the costs of this our Award they shall be entitled to immediate reimbursement of any sum or sums so paid; **AND**

  (iii) that the Charterers shall pay interest on any sums payable to the Owners under sub-paragraph C(i) and (ii) above at the rate of 4.5% (four and one-half per cent) per annum or pro rata compounded at three-monthly rests from the date of this our Final Arbitration Award until the date of payment or reimbursement as appropriate.

*See* **Exhibit B**.

### 13.

The deadline for any possible appeal to the Final Arbitration Award to be filed has expired, meaning that the Final Arbitration Award is final and unappealable.

### 14.

By letters dated September 16, 2020 (attached hereto as **Exhibit C**) and October 8, 2020 (attached hereto as **Exhibit D**), POSH Saudi demanded payment from Dynamic Saudi of the principal sum plus interest and costs awarded by the LMAA Tribunal in the Final Arbitration Award.

### 15.

POSH Saudi's demand was itemized in the September 16, 2020 letter as follows:

(1) **US$3,998,167.80** in respect of the principal sum awarded (pursuant to Paragraphs (A) and (B) of the Final Arbitration Award);

(2) Interest at the contractual rate of 2% per month, from the due date of each of POSH Saudi's invoices until the date of payment (Pursuant to Paragraph (B) of the Final Arbitration Award);

(3) POSH Saudi's costs of the reference calculated at **US$25,828.00 and £525** (pursuant to Paragraph (C)(i) of the Final Arbitration Award);

4

(4) **£8,400** in relation to the payment made by POSH Saudi to the Tribunal in respect of 50% of the Tribunal's fees of £16,800 (pursuant to Paragraph (C(ii) of the Final Arbitration Award); and

(5) Interest on (3) and (4) above at the rate of 4.5% per annum or pro rata from the date of the Final Arbitration Award (September 2, 2020) compounded at three monthly rests to the date of payment (pursuant to Paragraph (C)(ii) of the Final Arbitration Award).

*See* **Exhibit C**.

**16.**

POSH Saudi did not receive a response to either the September 16, 2020 or October 8, 2020 letters, and Dynamic Saudi has not made any payments in respect of the sums outstanding to POSH Saudi.

**17.**

In light of Dynamic Saudi's failure to pay POSH Saudi the sums owed under the Final Arbitration Award, POSH Saudi demanded payment from Dynamic pursuant to the Guarantee by letter dated November 12, 2020 (attached hereto as **Exhibit E**), correctly setting forth the amount owed and enclosing copies of all supporting documents.

**18.**

On December 9, 2020, the LMAA Tribunal issued a Final Arbitration Award Assessing Costs (attached hereto as **Exhibit F**), which states as follows:

(A) **WE FIND AND HOLD** that the Owners' claims in the sum of $26,828 and £525 succeeds in full.

(B) **WE THEREFORE AWARD AND ADJUDGE** that the Charterers shall forthwith pay to the Owners the said sums of US$26,828 (Twenty-Six Thousand Eight Hundred and Twenty-Eight United States Dollars) **AND** £525 (Five Hundred and Twenty Five Pounds Sterling) **PLUS** interest thereon at the rate of 4.5% (four and one-half per cent) per annum and pro rata compounded at three-monthly rests from 2nd September 2020 until the date of payment.

(C) **WE FURTHER AWARD AND ADJUDGE:**

    (i) that the Charterers shall bear their own costs and pay the Owners' costs of matters determined herein (which we have assessed above in the sum of US$1,000)

    (ii) that the Charterers shall further bear and pay the costs of this our Final Arbitration Award Assessing Costs (inclusive of our fees and interlocutory charges in relation hereto) in the sum of £1,700, **PROVIDED ALWAYS** that if, in the first instance, the Owners shall have paid any amount in respect of the costs of this our Award they shall be entitled to immediate reimbursement of any sum or sums so paid; **AND**

    (iii) that the Charterers shall pay interest on any sums payable to the Owners under sub-paragraph C(ii) above at the rate of 4.5% (four and one-half per cent) per annum or pro rata compounded at three-monthly rests from the date of this our Final Arbitration Award Assessing Costs until the date of payment or reimbursement as appropriate.

*See* **Exhibit F**.

**19.**

Defendant has failed to make any payments to POSH Saudi required by the Guarantee and there remains an outstanding balance totaling US$3,998,167.80 in respect of the principal sum awarded pursuant to the Final Arbitration Award, plus costs of £10,625 and US$26,828, together with interest.

**COUNT I – BREACH OF CONTRACT**

**20.**

Plaintiff incorporates by reference each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

**21.**

Dynamic subjected itself to all the obligations of Dynamic Saudi under the Charterparty by signing the Guarantee in favor of POSH Saudi.

**22.**

Dynamic Saudi has failed to fulfill its obligations to pay POSH Saudi the amounts owed under the Charterparty. Specifically, Dynamic Saudi owes POSH Saudi US$3,998,167.80 in respect of the principal sum awarded pursuant to the Final Arbitration Award, plus costs of £8,925 and US$25,828, together with interest.

**23.**

Accordingly, under the Guarantee, Dynamic is liable to POSH Saudi for payment in full on the outstanding balance totaling US$3,998,167.80 in respect of the principal sum awarded pursuant to the Final Arbitration Award, plus costs of £8,925 and US$25,828, together with interest.

**24.**

Defendant breached the Guarantee by failing to pay the amounts owed by Dynamic Saudi as set forth above.

**25.**

As a result of Defendant's breach of the Guarantee and failure to pay the amounts owed by Dynamic Saudi, Plaintiff has been impoverished.

**26.**

Defendant is liable to Plaintiff for all damages caused by Defendant's breach of the Guarantee as well as all attorneys' fees, expenses, and costs incurred by Plaintiff in bringing this civil action.

**WHEREFORE**, for the reasons set forth herein, Plaintiff, POSH Saudi Co. Ltd., prays that a copy of this Complaint be served upon Defendant, Dynamic Industries, Inc., and that after

due proceedings are had, that this Honorable Court enter judgment in favor of Plaintiff, POSH Saudi Co. Ltd., and against Defendant, Dynamic Industries, Inc., in the form of a judgment:

1. Declaring that Dynamic Industries, Inc. breached the Parent Company Guarantee;

2. Awarding monetary damages to POSH Saudi Co. Ltd. totaling US$3,998,167.80, in respect of the principal sum awarded pursuant to the Final Arbitration Award, plus interest plus interest at the contractual rate of 2% (two percent) per month from the due date of each of POSH Saudi Co. Ltd.'s invoices until the date of payment;

3. Awarding monetary damages to POSH Saudi Co. Ltd. totaling £8,400 in relation to the payment made by POSH Saudi Co. Ltd. to the LMAA Tribunal in respect of the Tribunal's fees for the Final Arbitration Award, plus interest thereon at the rate of 4.5% (four and one-half percent) per annum and pro rata compounded at three-monthly rests from September 2, 2020, until the date of payment ;

4. Awarding monetary damages to POSH Saudi Co. Ltd. for US$26,828 and £525 in relation to POSH Saudi Co. Ltd.'s arbitration costs, plus interest thereon at 4.5% (four and one-half percent)_per annum and pro rata compounded at three-monthly rests from September 2, 2020, until the date of payment;

5. Awarding monetary damages to POSH Saudi Co. Ltd. for £1,700 in relation to the payment made by POSH Saudi Co. Ltd. to the LMAA Tribunal in respect of the Tribunal's fees for the Final Arbitration Award Assessing Costs, plus interest thereon at the rate of 4.5% (four and one-half percent) per annum and pro rata compounded at three-monthly rests from December 9, 2020, until the date of payment;

6. Awarding POSH Saudi Co. Ltd. all attorneys' fees, expenses, and court costs incurred by Plaintiff in bringing this civil action;

7. Awarding POSH Saudi Co. Ltd. pre- and post-judgment interest; and

8. Awarding POSH Saudi Co. Ltd. all other general and equitable relief to which Plaintiff may be justly entitled under the law.

Dated: December 23, 2020

Respectfully submitted,

**TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.**

By: */s/ John Stone Campbell, III*
John Stone Campbell, III, La. Bar No. #23674 (T.A.)
Caroline K. Darwin, La. Bar No. 37651
450 Laurel Street, 8th Floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821-2471
Telephone: (225) 387-3221
Facsimile: (225) 346-8049
Email: johnstone.campbell@taylorporter.com
Email: caroline.darwin@taylorporter.com

*Counsel for Plaintiff, POSH Saudi Co. Ltd.*

**REQUEST FOR WAIVER OF SUMMONS TO BE MADE UPON:**

**Dynamic Industries, Inc.**
*Through its registered agent for service of process:*
Mark Mahfouz
400 Poydras Street, Suite 1800
New Orleans, LA 70130