## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**POSH SAUDI CO. LTD.,**　　　　　　　　　　**CIVIL ACTION**
　　**Plaintiff**

**VERSUS**　　　　　　　　　　　　　　　　**NO.  20-3453**

**DYNAMIC INDUSTRIES, INC.,**　　　　　　**SECTION: "E" (3)**
　　**Defendant**


## ORDER AND REASONS

Before the Court is Defendant Dynamic Industries, Inc.'s motion for certification of interlocutory appeal under 28 U.S.C. § 1292(b) and for stay of trial.[1] Plaintiff POSH Saudi Co. Ltd. has filed an opposition.[2] For the following reasons, Dynamic Industries' motion for certification and for stay of trial is **DENIED**.

## BACKGROUND[3]

On October 1, 2018, Plaintiff POSH Saudi Co. Ltd. ("POSH Saudi") entered into a charterparty with Dynamic Industries Saudi Arabia, Inc. ("Dynamic Saudi"), which is a subsidiary of Defendant Dynamic Industries, Inc. ("Dynamic Industries").[4] That same day, Donald Sinitiere signed a Parent Company Guarantee, in which Dynamic Industries guaranteed the performance of its subsidiary Dynamic Saudi's obligations under the charterparty.[5] The Parent Company Guarantee provides for application of English law.[6] After the charterparty ended, Dynamic Saudi still owed POSH Saudi $3,998,167.80,

---

[1] R. Doc. 93.
[2] R. Doc. 99.
[3] The Background facts are taken primarily from the allegations in the Complaint. R. Doc. 1.
[4] *Id.* at ¶¶ 6-7.
[5] *Id.* at ¶ 8.
[6] R. Doc. 28-2 at ¶ 5. The parties have stipulated this document is the Parent Company Guarantee. R. Doc. 28 at ¶ 2.

which was confirmed in a September 20, 2020, final arbitration award from the London Maritime Arbitrators Association.[7] After demand, Dynamic Saudi did not pay POSH Saudi the amounts it allegedly owed.[8] In this case, POSH Saudi sued the parent Dynamic Industries to recover the final arbitration award through enforcement of the Parent Company Guarantee.[9] Thus, the principle issues in this case concerns the validity of the Parent Company Guarantee, including whether Mr. Sinitiere had actual or apparent authority to enter into such a contract on behalf of Dynamic Industries.[10]

Trial is set to begin April 4, 2022.[11] On March 17, 2022, Dynamic Industries filed a motion in limine to exclude all evidence of apparent authority on the basis that Louisiana law applies to the issue of authority for an agent to bind a principal, and under Louisiana law, express written authority is required to authorize an agent to enter into a guarantee.[12] POSH Saudi filed an opposition on March 24, 2022,[13] and Dynamic Industries sought leave to file a reply on March 25, 2022.[14] On March 29, 2022, the Court issued an Order and Reasons denying Dynamic Industries' motion in limine, finding the Parent Company Guarantee was governed by English law pursuant to its choice-of-law provision, and English law allows for an agent with apparent authority to bind the principal to a guarantee.[15] On March 31, 2022, four days before trial, Dynamic Industries filed the

---

[7] R. Doc. 1 at ¶¶ 9-12. The London Maritime Arbitrators Association later awarded costs to POSH Saudi as well. *Id.* at ¶ 18.
[8] *Id.* at ¶¶ 14-16.
[9] *Id.* at ¶¶ 20-26.
[10] R. Doc. 61 at 14-17 (contested issues of law in proposed pretrial order).
[11] R. Doc. 30.
[12] R. Doc. 64.
[13] R. Doc. 70.
[14] R. Doc. 71.
[15] R. Doc. 86.

current motion, seeking certification of the Court's March 29, 2022, Order and Reasons

denying its motion in limine and a stay.[16]

## **LEGAL STANDARD**

A court's decision on choice-of-law is not a final order appealable under 28 U.S.C.

§ 1291.[17] However, a defendant may seek certification of an interlocutory appeal under 28

U.S.C. § 1292(b).[18] Section 1292(b) provides as follows:

> When a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order
> involves a controlling question of law as to which there is substantial ground
> for difference of opinion and that an immediate appeal from the order may
> materially advance the ultimate termination of the litigation, he shall so
> state in writing in such order. The Court of Appeals which would have
> jurisdiction of an appeal of such action may thereupon, in its discretion,
> permit an appeal to be taken from such order, if application is made to it
> within ten days after the entry of the order: Provided, however, That
> application for an appeal hereunder shall not stay proceedings in the district
> court unless the district judge or the Court of Appeals or a judge thereof
> shall so order.[19]

Under § 1292(b), three criteria must be met before the Court may properly certify an

interlocutory order for appeal: (1) there must be a controlling question of law;[20] (2) there

must be a substantial ground for difference of opinion; and (3) an immediate appeal from

the order must materially advance the ultimate termination of the litigation.[21] The moving

party bears the burden of establishing that interlocutory appeal is appropriate.[22] A failure

---

[16] R. Doc. 93.

[17] *See Goosehead Ins. Agency, LLC v. Williams Ins. & Consulting, Inc.*, 533 F. Supp. 3d 367, 385-86 (N.D. Tex. 2020).

[18] *See id.*

[19] 28 U.S.C. § 1292(b).

[20] A controlling question of law is "one that would require reversal on appeal from a final judgment or would materially affect the outcome of the case." *Jesclard v. Babcock & Wilcox*, No. CIV.A. 82-1570, 1990 WL 182315, at *1 (E.D. La. Nov. 21, 1990) (citing *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)).

[21] 28 U.S.C. § 1292(b); *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981).

[22] *United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 813 (E.D. La. 2009).

to satisfy even one requirement defeats the certification request.[23] Interlocutory appeals are "exceptional" and should not be granted "'simply to determine the correctness' of a ruling."[24] It is within the Court's discretion to certify an order for interlocutory appeal under Section 1292(b).[25]

## LAW AND ANALYSIS

In its March 29, 2022, Order and Reasons, the Court rejected Dynamic Industries' arguments that Louisiana law applies to the issue of apparent authority.[26] Specifically, the Court found the English choice-of-law provision in the Parent Company Guarantee was valid under Louisiana Civil Code article 3540 because 1) under Louisiana Civil Code article 3537, Dynamic Industries did not establish that Louisiana is the state whose law would otherwise be applicable, absent the choice-of-law provision; and 2) even if Louisiana were the state whose law would otherwise be applicable, application of English law on apparent authority does not violate Louisiana public policy.[27] Then, applying English law, the Court found that the issue of apparent authority is governed by the law governing the agreement to which the agent purported to bind the company, here English law.[28]

---

[23] *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000).

[24] *Gulf Coast Facilities Mgmt., LLC v. BG LNG Servs., LLC*, 730 F. Supp. 2d 552, 565 (E.D. La. 2010) (quoting *Clark–Dietz & Associates–Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 67–69 (5th Cir. 1983)).

[25] *Waste Mgmt. of Louisiana, L.L.C. v. Parish*, No. CIV.A. 13-6764, 2014 WL 5393362, at *3 (E.D. La. Oct. 22, 2014) ("This Court has the discretion to certify its Order and Reasons for interlocutory appeal under 28 U.S.C. § 1292(b)."); *In re Chinese Manufactured Drywall Products Liab. Litig.*, No. 09-4115, 2012 WL 4928869, at *7 (E.D. La. Oct. 16, 2012) (same); *Copelco Capital, Inc. v. Gautreaux*, No. CIV. A. 99-850, 1999 WL 729248, at *1 (E.D. La. Sept. 16, 1999) ("The trial judge has substantial discretion in deciding whether or not to certify questions for interlocutory appeal."); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals.").

[26] R. Doc. 86 at 2-12.

[27] R. Doc. 86 at 3-7.

[28] *Id.* at 8-12.

Dynamic Industries argues choice-of-law is a controlling question of law because, if Louisiana law applies, POSH Saudi could not rely on the theory of apparent authority at trial to bind Dynamic Industries to the Parent Company Guarantee since Louisiana law requires express written authority for an agent to bind a principle to a contract of suretyship.[29] In *Goosehead Insurance Agency, LLC v. Williams Insurance & Consulting, Inc.*, the court found a decision on choice-of-law, which affected only one of the plaintiff's theories of recovery, was not a controlling question of law, reasoning "reversal on interlocutory appeal would not result in the action's dismissal because Plaintiff maintains seven viable claims, resolution of which would only be delayed by certifying Defendants' interlocutory appeal."[30] Similarly, in this case, even if Louisiana law applied, POSH Saudi maintains Mr. Sinitiere, who signed the Parent Company Guarantee on behalf of Dynamic Industries, had actual authority to do so, and Dynamic Industries should be estopped from denying Mr. Sinitiere's authority.[31] The Court has not ruled on these alternate theories of recovery, and they would remain pending, regardless of an appellate ruling on the issue of apparent authority.

Even if the choice-of-law question were controlling, Dynamic Industries has not shown the other two requirements for certification are met. Dynamic Industries argues a substantial ground for a difference of opinion exists regarding the Court's choice-of-law analysis.[32] However, Dynamic Industries has "not advanced authority that would indicate the Court erred or that this issue demonstrates substantial ground for disagreement."[33]

---

[29] R. Doc. 93-1 at 3-6.
[30] *Goosehead Ins. Agency*, 533 F. Supp. 3d at 385-86.
[31] R. Doc. 61 at 14.
[32] R. Doc. 93-1 at 3-9.
[33] *Goosehead Ins. Agency*, 533 F. Supp. 3d at 386.

Dynamic Industries first takes issue with the Court's analysis under Louisiana's choice-of-law articles. Dynamic Industries unexpectedly argues Louisiana's Civil Code articles on cause show the application of English law to apparent authority to enter into a contract of suretyship violates Louisiana public policy,.[34] A lawful cause is one of the four requirements for a valid contract[35] and is defined simply as "the reason why a party obligates himself."[36] A cause "is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy."[37] However, the issue of cause is irrelevant, as Defendants point to Louisiana's *form requirements* for an agent's authority to enter into suretyship.[38] Cause, the underlying reason for entering into a contract, is different from the formal requirements necessary to enforce such contract, which are generally in place for fair evidentiary purposes.[39] A mere conflict between the form requirements for establishing apparent authority under English and Louisiana laws is insufficient to show a violation of Louisiana public policy; instead, the relevant Louisiana rules must embody a strongly held belief.[40]

---

[34] R. Doc. 93-1 at 3-4.

[35] *Marcantel v. Jefferson Door Co.*, 01-CA-1307, p. 7 (La. App. 5 Cir. 04/10/02), 817 So. 2d 236, 239 (citing Philips v. Berner, 2000-CA-0103, p. 5 (La. App. 4 Cir. 05/16/01); 789 So. 2d 41, 45). The other three are capacity, consent, and a certain object. *Id.*

[36] La. Civ. Code art. 1967 (2022).

[37] *Id.* art. 1968.

[38] *See id.* arts. 2993, 2997, 3038.

[39] *See* 5 Saul Litvinoff & Ronald J. Scalise, Jr., Louisiana Civil Law Treatise: Law of Obligations § 12.12 (2d ed.), Westlaw (database updated Nov. 2021) (noting some form requirements are in place for evidentiary purposes); *id.* § 12.42 (noting the writing requirement for a suretyship contract is in place to "prevent unfairness in areas where reliance on evidence as fragile as the memory of witnesses is particularly dangerous"); La. Civ. Code art. 3038 cmt. b (noting one of the reasons for a surety contract's express and in writing requirement is that "[i]t is sometimes doubtful whether an individual has guaranteed payment of another's debt"); Saul Litvinoff, *Still Another Look at Cause*, 48 La. L. Rev. 3, 12 (1987) (differentiating cause and form in noting that "[a]n act which, as a donation, is invalid for the lack of proper form may be, however, a valid onerous contract . . . , if it can be shown that the note was given not with donative intent but as recompense for services rendered in the past").

[40] *See Cherokee Pump & Equip. Inc. v. Aurora Pump*, 38 F.3d 246, 252 (5th Cir. 1994).

Dynamic Industries next argues "there are numerous examples of Louisiana courts finding that a contract in derogation of a specific code article violates public policy."[41] Dynamic Industries cites one case, *Bernhard Mechanical Contractors v. St. Paul Companies*, which was not concerned with public policy in a conflicts of law analysis.[42] In *Bernhard*, it was undisputed Louisiana law applied to the contract at issue, and the court naturally found a provision of the contract unenforceable because it violated Louisiana Civil Code article 2004, which states "any clause is *null* that, in advance, excludes or limits the liability of one party for intentional or gross fault that causes damage to the other party."[43] Such a case has little relevance to finding a strongly held state belief in a conflicts of law analysis, when the ultimate question is whether or not Louisiana law applies in the first place.

Dynamic Industries also argues the Court erred in holding English law would otherwise be applicable under article 3537, absent the choice-of-law provision.[44] The Court did not do so. The Court held English law was applicable under *article 3540* pursuant to the valid choice-of-law provision. Regarding article 3537, the Court merely rejected Dynamic Industries' argument that Louisiana would be the state whose law would otherwise be applicable, absent the choice-of-law provision, because the only applicable factor Dynamic Industries pointed to was its place of incorporation in Louisiana.[45] Dynamic Industries also states the Court improperly considered factors

---

[41] R. Doc. 93-1 at 5.

[42] *Bernhard Mech. Contractors v. St. Paul Cos.*, No. 04-439, 2005 WL 8170748, at *1 (W.D. La. 2005) (emphasis added) (quoting La. Civ. Code art. 2004 (2005)).

[43] *Id.* (emphasis added) (quoting La. Civ. Code art. 2004 (2005)). The Court notes that article 2004 expressly declares contrary contractual provisions null, unlike the articles containing the form requirements for an agent's authority to enter into a suretyship contract under Louisiana law. The Court made a similar observation in its March 29, 2022, Order and Reasons when analyzing *O'Hara v. Globus Medical, Inc.* R. Doc. 86 at 7.

[44] R. Doc. 93-1 at 6.

[45] R. Doc. 86 at 5-6 ("The Court is not convinced a thorough analysis of the factors in article 3537 would

outside article 3537's scope in noting "the parties chose the same governing English law as the underlying charterparty, which courts have repeatedly noted to be fair in international transactions."[46] However, three factors for courts to consider under articles 3537 and 3515 are the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state, the policies of facilitating the orderly planning of transactions, and the policies of promoting multistate commercial intercourse.[47]

Turning to the Court's analysis of English law, Dynamic Industries argues the Court misinterpreted the Overseas Companies (Execution of Documents and Registration of Charges) Regulations 2009.[48] However, the Court found three opinions from the High Court of Justice, Queen's Bench Division, Commercial Court rejecting Dynamic Industries' exact arguments.[49] While Dynamic Industries boldly argues the English High Court's decision "is not a correct statement of English law,"[50] mere "disagreement between counsel" does not prove substantial grounds for disagreement,[51] and Dynamic Industries has pointed the Court to no authority that would call into question these English decisions and provide grounds for disagreement. Finally, Dynamic Industries argues neither party's English law expert analyzed the 2009 Regulations with regards to authority.[52] However, "an issue of first impression" does not prove substantial grounds

---

result in Louisiana law being otherwise applicable to the Parent Company Guarantee."). The parties did not fully brief the issue on whose law *would* be applicable under article 3537, whether Saudi Arabia, England, or some other state; however, the Court noted two factors pointed to Saudi Arabia and two pointed to England. R. Doc. 86 at 5-6.

[46] R. Doc. 86 at 5; *see* R. Doc. 93-1 at 5.

[47] La. Civ. Code arts. 3515, 3537.

[48] R. Doc. 93-1 at 6-8.

[49] R. Doc. 86 at 9-10.

[50] R. Doc. 93-3 at 7-8 & n.2.

[51] *Goosehead Ins. Agency*, 533 F. Supp. 3d at 386.

[52] R. Doc. 93-1 at 8-9.

for disagreement.[53] Moreover, each expert agreed English law applies to apparent authority.[54] The Court also notes one of the experts, POSH Saudi's expert, Chris Smith, did expressly cite the 2009 Regulations when addressing a separate issue in his report.[55] Thus, the 2009 Regulations were brought to the attention of both experts.

Finally, Dynamic Industries argues certification will materially advance the termination of this litigation by conserving judicial resources and the resources of the parties by precluding the necessity of a second trial in the event of appellate court reversal.[56] However, "[a]ppellate court reversal, though necessarily imposing a potential for re-litigation, is characteristic of a choice-of-law dispute, not indicative of exceptional circumstances justifying certification of an interlocutory appeal."[57] Moreover, it is not clear a second trial will be necessary in the event of appellate court reversal. As a result of the March 29, 2022, Order and Reasons, all evidence will go to the jury, whether of actual or apparent authority. The jury verdict form will address the issues of actual and apparent authority separately, such that the Fifth Circuit will be able to determine if the jury decided the case on actual authority and/or on apparent authority. The Fifth Circuit will have the evidence on all such issues in the record for its review. Accordingly, the Fifth Circuit will be in a clear position to reverse and render, rather than remand for a second trial.

In fact, an interlocutory appeal would hinder, not advance, the termination of this case. Trial is set to begin in three days. POSH Saudi has already flown in three of the four

---

[53] *Goosehead Ins. Agency*, 533 F. Supp. 3d at 386.
[54] R. Doc. 41-3 at ¶¶ 31, 36; R. Doc. 41-2 at ¶ 23.
[55] R. Doc. 41-3 at ¶ 60.
[56] R. Doc. 93-3 at 9-10.
[57] *Goosehead Ins. Agency*, 533 F. Supp. 3d at 386.

individuals coming to trial from Singapore.[58] POSH Saudi's counsel represents these individuals have cleared their calendars for the trial, including all work activities, and one of them, who no longer works for POSH Saudi or affiliated companies, has taken more than a week off of his current employment to attend this trial.[59] Proceeding to trial in three days will bring a timely resolution to this matter in about a week, at which time Dynamic Industries can appeal. An interlocutory appeal would delay this resolution to an uncertain date when the Court, counsel, parties, and witnesses all become available again. Such a last-minute change would make the time and resources to all involved in preparing for the current trial date a waste.

Accordingly, the Court finds that Dynamic Industries has failed to make out the exceptional circumstance warranting certification under § 1292(b). Because the Court does not find certification warranted, Dynamic Industries' requests for a stay of trial 1) while the Fifth Circuit decides whether or not to accept the interlocutory appeal, and 2) pending appeal, if such an appeal is accepted,[60] are moot.

## <u>CONCLUSION</u>

**IT IS ORDERED** that Defendant Dynamic Industry's motion for certification of interlocutory appeal under 28 U.S.C. § 1292(b) and for stay of trial is **DENIED**.[61]

**New Orleans, Louisiana, this 1st day of April, 2022.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[58] R. Doc. 99 at 4.
[59] *Id.*
[60] R. Doc. 93-1 at 1, 10-12.
[61] R. Doc. 93.